UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re

SOUTHEAST AIRLINES, INC.,            Chapter 11

    Debtor.                         Case No. 8:06-bk-6729-CPM

_____/

WORLD FUEL SERVICES, INC.,

    Plaintiff,

v.

ANGELA W. ESPOSITO, as Trustee           Adversary Proceeding No._____
for the estate of SOUTHEAST
AIRLINES, INC.; ANGELA W. ESPOSITO,
as Trustee for the estate of PAUL THOMAS KOLFENBACH;
JET THRUST LLC; AVIATION LAW CENTER; ACCU-PRINT
PRINTING CO.; DIVERSIFIED AERO
SERVICES, INC.; JODA, LLC; MD48079, LLC;
PHOENIX FUEL CORPORATION; ORLANDO
SANFORD INTERNATIONAL, INC.;
COMMERCIAL JET, INC.; SANFORD
AIRPORT AUTHORITY; and AVIATION
SERVICES INTERNATIONAL, LLC,

    Defendants.

_____/

**COMPLAINT TO DETERMINE VALIDITY, PRIORITY, AND EXTENT OF LIENS
AND OTHER INTERESTS IN PROPERTY OF DEBTORS AND THEIR ESTATES**

Plaintiff WORLD FUEL SERVICES, INC., pursuant to 11 U.S.C. §§ 506 and 105 and

Rules 7001(2) and (9) of the Federal Rules of Bankruptcy Procedure, sues Defendants ANGELA

W. ESPOSITO, as Trustee for the estate of SOUTHEAST AIRLINES, INC.; ANGELA W.

ESPOSITO, as Trustee for the estate of PAUL THOMAS KOLFENBACH; JET THRUST LLC;

1

AVIATION LAW CENTER; ACCU-PRINT PRINTING CO.; DIVERSIFIED AERO SERVICES INC.; JODA, LLC; MD48079, LLC; PHOENIX FUEL CORPORATION; ORLANDO SANFORD INTERNATIONAL, INC.; COMMERCIAL JET, INC; SANFORD AIRPORT AUTHORITY; and AVIATION SERVICES INTERNATIONAL, LLC, and alleges as follows:

## VENUE AND JURISDICTION

1. On April 6, 2007, the Court entered an order for chapter 7 relief against Southeast Airlines, Inc. ("Southeast").

2. On April 9, 2007, the Court appointed Defendant Angela W. Esposito (the "Trustee") as chapter 7 trustee for the estate of Southeast.

3. On April 9, 2007, the Court appointed the Trustee as chapter 7 trustee for the estate of Paul Thomas Kolfenbach ("Kolfenbach") (hereinafter, Southeast and Kolfenbach are collectively referred to as the "Debtors").

4. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5. The Complaint is a core proceeding pursuant to 28 U.S.C. § 157(b).

6. There is an actual controversy regarding the validity, priority, and amount of the parties' liens and interests in respect of certain assets of the Debtors.

## THE PARTIES

7. Plaintiff World Fuel Services, Inc. ("World Fuel"), is a Texas corporation with its principal office for the performance of its usual and customary business located in Miami-Dade County, Florida.

8. Defendant Jet Thrust LLC ("Jet Thrust") is a Florida corporation. Jet Thrust claims or may claim some right, title and/or interest in the Debtors' assets which are the subject of this litigation by virtue of a claim of lien against Southeast in the amount of $231,300.00, which was recorded in Miami-Dade County, Florida.

9. Defendant Aviation Law Center ("Aviation") is a Virginia corporation. Aviation claims or may claim some right, title and/or interest in the Debtors' assets which are the subject of this litigation by virtue of a UCC financing statement against Southeast, which was recorded in Pinellas County, Florida.

10. Defendant Accu-Print Printing Co. ("APC") is a Florida corporation. APC claims or may claim some right, title and/or interest in the Debtors' assets which are the subject of this litigation by virtue of a judgment in the amount of $800.00 against Southeast, which was recorded in Pinellas County, Florida.

11. Defendant Diversified Aero Services, Inc. ("Diversified") is a corporation which is authorized to do business in Florida. Diversified claims or may claim some right, title and/or interest in the Debtors' assets which are the subject of this litigation by virtue of a final judgment entered against Southeast in the amount of $18,784.12, in a case filed in Miami-Dade County, Florida, Case No. 04-19490 CA-13.

12. Defendant JODA, LLC ("JODA") is a Missouri corporation. JODA claims or may claim some right, title and/or interest in the Debtors' assets which are the subject of this litigation by virtue of a Security Agreement and Assignment recorded with the Federal Aviation Administration (the "FAA"), Conveyance # XX017321 and a filing with the FAA that alleges that JODA is the owner of certain assets in which the Debtors may have an interest.

13. Defendant MD48079, LLC ("MD48079") is a California limited liability company. MD48079 claims or may claim some right, title and/or interest in the Debtors' assets which are the subject of this litigation by virtue of a final judgment that it obtained against Southeast in Pinellas County, Florida, Case No. 03-5171-CI-19, in the amount of $4,622,168.00. The judgment was recorded with the Florida Secretary of State on March 24, 2004.

14. Defendant Phoenix Fuel Corporation ("Phoenix") is a Wyoming corporation. Phoenix claims or may claim some right, title and/or interest in the Debtors' assets which are the subject of this litigation by virtue of a UCC financing statement in the amount of $400,000.00 recorded in Pinellas County, Florida on December 1, 2004, and a claim of lien recorded in Seminole County, Florida on December 9, 2004 for $70,871.54.

15. Defendant Orlando Sanford International, Inc. ("OSII") is a Florida corporation. OSII claims or may claim some right, title and/or interest in the Debtors' assets which are the subject of this litigation by virtue of a claim of lien which was recorded against Southeast in Seminole County, Florida on December 6, 2004 in the amount of $652, 185.86.

16. Defendant Commercial Jet, Inc. ("Commercial Jet") is a Florida corporation. Commercial Jet claims or may claim some right, title and/or interest in the Debtors' assets which are the subject of this litigation by virtue of multiple claims of lien. On February 18, 2004, it recorded a lien in the amount of $291,115.61 against Southeast -- the FAA conveyance was recorded on March 11, 2004. On August 27, 2004, it recorded two claims of lien against Southeast in the amount of $950.00 and $4,089.85 and recorded FAA conveyances with respect to these liens in September 2004 and October 28, 2004, respectively. On August 31, 2004, it recorded two claims of lien against Southeast in Miami-Dade County, Florida in the amounts of

$9,200.00 and $1,129.47, respectively. On October 13, 2004, it also recorded a lien and FAA conveyance against Southeast in the amount of $9,688.88.

17. Defendant Sanford Airport Authority ("Sanford Airport") is a municipal airport authority created and operated pursuant to the powers granted to the City of Sanford, Florida, pursuant to Florida Statutes, Chapter 332 ("Florida Airport Development and Assistance Act"). The Sanford Airport is a citizen of the State of Florida, with the capacity to sue and be sued, and is engaged in the operation of the Orlando/Sanford International Airport in Seminole County, Florida. Sanford Airport claims or may claim some right, title and/or interest in the Debtors' assets which are the subject of this litigation by virtue of an aircraft lien against Southeast in the amount of $786,910.99, which was filed with the FAA on December 6, 2004 [1].

18. Defendant Aviation Services International, LLC ("Aviation Services") is a limited liability company. Aviation Services claims or may claim some right, title and/or interest in the Debtors' assets which are the subject of this litigation by virtue of a judgment which was entered against Southeast in New York, Case No. 04L-2549, in the amount of $3,700,000.00.

## THE FACTS

19. Prior to and at the commencement of these cases, the Debtors had interests in one McDonnell Douglas DC-9-31 Aircraft, N# N935DS, S/N# 48158; one McDonnell Douglas DC-9-31 Aircraft, N# N934LK, S/N# 41857; four installed Pratt & Whitney JT8D-9A aircraft engines, with Manufacturers Serial Numbers 667240, 665409, 665859, and 649344; and one

---

[1] The amount of OSII's claim of lien is incorporated in Sanford Airport's claim.

uninstalled Pratt & Whitney JT8D-9A aircraft engine, with Manufacturers Serial Number 667239 (collectively, the "Aircraft Property").

20. World Fuel has a perfected security interest in, and lien on, the Aircraft Property pursuant to two Security Agreements with Southeast, one dated August 19, 2004 and the other dated September 20, 2004, copies of which are attached hereto as Composite Exhibit A, which were recorded with the FAA, respectively, on October 15, 2004 under Conveyance Number RS000920, and October 13, 2004 under Conveyance Number H111902.

21. Kolfenbach guaranteed Southeast's obligations to World Fuel up to and including $400,000 under that personal guaranty dated May 7, 2004, as extended on October 1, 2004 (collectively, the "Guaranty"), copies of which are attached hereto as Composite Exhibit B.

22. The Debtors defaulted on their obligations to World Fuel by failing to make payments when due.

23. As a result of those defaults, Southeast is indebted to World Fuel in an amount in excess of $1.3 million and Kolfenbach is indebted to World Fuel in the amount of $400,000.00, plus interest at the rate of 18% per annum.

24. Also as a result of the Debtors' defaults, World Fuel filed and recorded several Notices of Claim of Lien as to the Aircraft Property in the respective counties where the fuel was sold and delivered to Southeast as required by Fla. Stat. § 329.51. The liens were recorded by World Fuel on the Aircraft Property under the following receipt numbers:

**Aircraft No. N934LK**

    (i) Claim of Lien for fuelings in the amount of $4,520.92 located in Official Records Book 38631, Page 1598, of the Public Records of Broward County, Florida on December 2, 2004;

(ii) Claim of Lien for fuelings in the amount of $142,104.94 located in Official Records Book 05532, Page 1012, of the Public Records of Seminole County, Florida on December 2, 2004;

(iii) Claim of Lien for fuelings in the amount of $8,044.55 located in Official Records Book 13976, Page 701, of the Public Records of Pinellas County, Florida on December 2, 2004; and

(iv) Claim of Lien for fuelings in the amount of $22,576.24 located in Official Records Book 2004, Page 102945, of the Public Records of Lake County, Indiana on December 6, 2004.

**Total Lien Amount for N934LK is $177,246.65.**

**Aircraft No. N935DS**

(v) Claim of Lien for fuelings in the amount of $7,855.36 located in Official Records Book 05532, Page 1011, of the Public Records of Seminole County, Florida December 2, 2004; and

(vi) Claim of Lien for fuelings in the amount of $51,055.36 located in Official Records Book 13976, Page 702, of the Public Records of Pinellas County, Florida on December 2, 2004.

**Total Lien Amount for N935DS is $58,910.72.**

25. Duplicates of all of the Notices of Claim of Lien referred to in paragraph 24 above were also filed and recorded with the FAA in Oklahoma City, Oklahoma.

26. Due to the Debtors' defaults on their obligations, World Fuel filed an action against them in Circuit Court in and for Miami-Dade County, Florida, Case No. 04-24192-CA-31 (the "State Court Action") on November 12, 2004.

27. On or about December 1, 2004, Southeast terminated its business operations and abandoned its offices located in Largo, Florida and abandoned its assets that were located in Miami-Dade County, Seminole County, Pinellas County, and Hillsborough County, Florida.

28. At that time, the airline's employees and officers, as well as the airline's creditors, were in complete disarray and the airline's assets remaining in South Florida were exposed to depletion and were at risk of being dissipated by creditors, vandals, disgruntled employees, and/or the company's officers and owners.

29. On December 7, 2004, World Fuel filed in the State Court Action an Emergency Motion for Issuance of Prejudgment Writs of Replevin, Attachment, and Garnishment as to certain assets of the Debtors in order to secure and protect World Fuel's outstanding debt, collateral and security interests. On December 21, 2004, the State Court granted World Fuel's Motion and directed the Clerk of the State Court to issue a Writ of Attachment and a Writ of Replevin provided bonds were posted by World Fuel.

30. After World Fuel posted the required bond, on December 20, 2004, the Clerk of the Court issued a Writ of Attachment which attached the following assets of the Debtors:

    a. One McDonnell Douglas DC-9-31 Aircraft, N# N935DS, S/N# 48158; One McDonnell Douglas DC-9-31 Aircraft, N# N934LK, S/N# 48157; or any other aircraft owned or operated by Southeast that entered the jurisdiction of the State Court; and

    b. Southeast's FAA certificate which allowed it to operate its aircraft within the United States.

31. After World Fuel posted the required bond, on December 23, 2004, the Clerk of the Court issued a Writ of Replevin which effectively transferred possession of the following assets [2] from Southeast to World Fuel:

---

[2] These assets are no longer in issue.

  a. Two Pratt & Whitney Model JT8D-9A aircraft engines with Manufacturer's Serial Numbers 666975D and P666958 (each of which is 750 or more rated takeoff horsepower or its equivalent) (hereinafter collectively referred to as the "Engines"); together with any and all parts, appliances, components, accessories, accessions, attachments or equipment installed on, appurtenant to or delivered with or in respect of such Engines, all manuals, log books, flight records, flight logs, maintenance records and other records relating to such Engines; and

  b. Two McDonnell Douglas DC-9-31 airframes bearing manufacturer's serial no. 48156 and United States nationality and registration mark N932MJ and manufacturer's serial no. 48159 and United States nationality and registration mark N933JK(hereinafter collectively referred to as the "Airframes"); and any and all parts, appliances, components, instruments, accessories, accessions, attachments, avionics (including, without limitation, radio, radar, navigation systems and other electronic equipment), flight logs, and any similar equipment installed in, appurtenant to, or delivered with or in respect of each such Airframes.

32. Shortly thereafter, the Sheriffs of Pinellas County, Seminole County and Miami-Dade County, Florida executed the Writs and seized the assets described in paragraphs 30 and 31 above on December 24, 2005, and December 29, 2005, respectively.

33. World Fuel has stored the assets referenced above since December 2004 and has paid or is obliged to pay certain storage fees in connection therewith:

  (a) $500.00 per month for the aircraft engine bearing serial number P666958, which was being stored at AeroThrust in Miami-Dade County Florida or until mid-summer or fall of 2006 [3];

  (b) $150.00 per day for the aircraft bearing tail numbers N932MJ, N933JK, and N12532 plus all spare parts, which were stored at the St. Petersburg/Clearwater International Airport at the AvAero Hangar until mid-summer or fall of 2005 [4]; and

  (c) $100.00 per day for the aircraft bearing tail numbers N935DS and N934LK, which are being stored by the Sanford County Sheriff's office at the Orlando/Sanford Airport.

---

[3] World Fuel has been unable to locate Pratt & Whitney Model JT8D-9A aircraft engine with Manufacturer's Serial Number 666975D. As such, this engine, although subject to the Writ of Replevin, is not currently in World Fuel's possession.

[4] These aircraft are no longer being stored pursuant to agreement of the parties that had an interest in these assets, which agreement was approved by the court in the State Court Action.

34. The right, title, and/or interest of the defendants to the property that World Fuel seized from Southeast and to which World Fuel claims a priority are as follows:

(a) Defendant JODA may claim some right, title and/or interest to the Aircraft Property by virtue of a Security Agreement and Assignment JODA recorded with the FAA, Conveyance # XX017321 on February 13, 2001 and a document it filed with the FAA pursuant to which it alleged it owned that property;

(b) Defendant MD48079 LLC may claim some right, title and/or interest in the Aircraft Property by virtue of a final Judgment that was obtained by MD48079 against Southeast in Pinellas County, Florida, Case No. 03-5171-CI-19, in the amount of $4,622,168.00 on March 24, 2004, and recorded with the FAA on May 27, 2004;

(c) Defendant Phoenix may claim some right, title and/or interest in the Aircraft Property by virtue of a UCC filing in the amount of $400,000.00 recorded in Pinellas County, Florida on December 1, 2004, and a claim of lien recorded in Seminole County, Florida on December 9, 2004 in the amount of $70,871.54;

(d) Defendant Commercial Jet may claim some right, title and/or interest in the Aircraft Property by virtue of multiple claims of lien. On February 18, 2004, it recorded a lien in the amount of $291,115.61 against Southeast-- the FAA conveyance was recorded on March 11, 2004. On August 27, 2004, it recorded two claims of lien against Southeast in the amount of $950.00 and $4,089.85 and recorded FAA conveyances with respect to these liens in September 2004 and October 28, 2004, respectively. On August 31, 2004 it recorded two claims of lien against Southeast in Miami-Dade County, Florida in the amounts of $9,200.00 and $1,129.47, respectively. On October 13, 2004, it also recorded a lien and FAA conveyance against Southeast in the amount of $9,688.88; and

(e) Defendants OSII and Sanford Airport (collectively "Sanford") may claim some right, title and/or interest in the Aircraft Property by virtue of an aircraft lien against Southeast in the amount of $786,910.99, which was filed with the FAA on December 6, 2004;

35. On December 28, 2004, the Clerk of the State Court entered a default as to the Debtors and thus all allegations as and against the Debtors have been admitted.

## **DECLARATORY RELIEF**

36. World Fuel repeats and realleges the allegations in paragraphs 1-35 above as if fully set forth herein.

37. Based on the foregoing, there is an actual controversy regarding the validity, priority, and extent of liens and other interests in the Aircraft Property.

38. World Fuel requests a declaration from the Court that World Fuel has a perfected security interest in the Aircraft Property superior to all right, claim, interest, or title of all Defendants.

39. World Fuel has been required to employ the undersigned counsel on this matter and has obligated itself to pay those attorneys a reasonable free for their services and to reimburse them for all costs and expenses incurred in this action.

WHEREFORE, World Fuel requests that the Court enter judgment as set forth above and grant it such other and further relief as is just.

Dated:  May 7, 2007

    /s/ Robert A. Soriano_____
Robert A. Soriano
Fla. Bar No.  445002
SHUTTS & BOWEN, LLP
100 S. Ashley Drive, Suite 1500
Tampa, Florida   33602
Tel: 813-227-8123
Fax: 813-229-8901
Email: rsoriano@shutts.com
Attorneys for World Fuel Services, Inc

TPADOCS 18181527 1